## In re William L. FRATTINI

[787 A.2d 488]

No. 01-397

September 26, 2001. The resignation of William L. Frattini from the Bar of the Vermont Supreme Court is accepted subject to the terms and conditions of Administrative Order 9, Rule 19. It is hereby ordered that William L. Frattini is disbarred from the office of attorney and counselor at law.

William L. Frattini is reminded that he must comply with A.O. 9, Rule 23.

### AFFIDAVIT OF RESIGNATION

NOW COMES William L. Frattini and, pursuant to Rule 19(A) of Administrative Order 9, hereby submits this affidavit of resignation. In so doing, and being duly sworn, I hereby depose and state as follows:

1. I am an attorney licensed to practice law in the State of Vermont.
2. I desire to resign my license to practice law in the State of Vermont.
3. My resignation is being rendered freely and voluntarily.
4. In submitting my resignation, I am not being subjected to coercion or duress.
5. I am fully aware of the implications of submitting my resignation.
6. I am aware that, in PRB File No. 2001.078, the Office of Disciplinary Counsel is investigating allegations that I embezzled about $86,537.70 from a financial institution of which I was an officer or employee and

that I evaded federal tax obligations.

7. In April of 1999, I pled guilty to, and was convicted of, three criminal offenses in the United States District Court for the District of Maine, said offenses being violations of 18 U.S.C. § 656 (embezzlement from a financial institution), 18 U.S.C. § 1341 (mail fraud), and 26 U.S.C. § 7201 (tax evasion).
8. The material facts upon which these allegations are based are true.
9. I submit my resignation because I know that if the Office of Disciplinary Counsel pursues charges of misconduct predicated upon the conduct under investigation that I could not successfully defend against those charges.
10. Based on the foregoing, I freely and voluntarily resign my license to practice law in the State of Vermont.
11. The facts recited herein are based on my personal knowledge.

### STATEMENT OF FACTS

NOW COMES Beth DeBernardi, Deputy Disciplinary Counsel, and pursuant to Administrative Order 9, Rule 19(B), hereby submits the following facts, in addition to the facts set forth in the respondent's affidavit of resignation:

1. During the 1990's, respondent worked at a financial institution in the State of Maine.
2. As set forth in respondent's affidavit of resignation, in April of 1999, respondent pled guilty to, and was convicted of, three criminal offenses in the United States District Court for the District of Maine, said offenses being violations of 18 U.S.C. § 656 (embezzlement from a

financial institution), 18 U.S.C. § 1341 (mail fraud), and 26 U.S.C. § 7201 (tax evasion).

3. The facts set forth in respondent's affidavit support a violation of DR 1-102(A)(3), which provides that a "lawyer shall not . . . [e]ngage in illegal conduct involving a serious crime." The crimes of which respondent stands convicted are "serious crimes" for purposes of DR 1-102(A)(3), as they meet the definition of "serious crime" set forth in the Code of Professional Responsibility, definition section, item (5).

4. Respondent was sentenced to imprisonment for a term of fifteen (15) months on the embezzlement count and a term of six (6) months on the mail fraud count, to be served concurrently; respondent is subject to supervised release thereafter for a term of sixty (60) months; and respondent has been ordered to make restitution to three different parties, as follows: Border Trust Company, $86,537.70; Centennial Life Liquidation, $106,663.79; and the Internal Revenue Service, $12,875.00; for a total of $206,076.49.

5. Respondent was incarcerated at the federal prison camp known as FPC Schuylkill, located in Minersville, Pennsylvania, from May 10, 1999 through September 12, 2000, at which time he was released.

6. Upon his release from FPC Schuylkill, respondent became subject to supervised release. He is presently under the supervision of the U.S. Probation Office located in Portland, Maine.

7. This statement of facts may be considered in any reinstatement proceeding, as provided in A.O. 9, Rule 19(B).